Cheves, J.
delivered the opinion of the Court.
The Court of Common Pleas, under all its modifications, has always exercised the power of looking into its records, and on motion affording that remedy, after judgment has been entered up, which is obtained by writ of errpr in the English Courts, and we think it has very wisely done so. There would be no remedy in a class of cases, which the law recognizes as requiring one, if it were to refuse it, The Court will doubtless be very cautious in exercising this authority, and there will be a time after which it will not do so. The period within which a writ of error can be brought in England is 20 years. This *134 is the period which is there established as a bar to the recovery of real estate against a claim by possession. In this last case, we have established 5 years as the period in this State. Perhaps the Court might wisely follow this analogy, and adopt 5 years after the entering up of judgment, as the utmost term within which such a motion should be permitted to be made. The laws of the United States have established 5 years as the term within which writs of error shall be sued out. But we determine nothing more in this case than that the present motion is not too late; We do not think the rule of Court respecting the notices which are to be given to the Judge who presides in the Circuit Court, applies to this case. That rule directs, that notice of a motion to arrest a judgment must be given before the rising of the Court, that is to say, before the judgment is entered up. The rule in this case is rather, I think, to be considered a superfluous act, for judgment must be arrested before it is entered up, if at all, and the motion made accordingly; The rule in relation to other motions, is, merely that notice shall be given in the Term in which the point is decided, but does not require that these motions shall be made in the Circuit Court in any particular Term. So, in this case, the motion to set aside the judgment might have been made in the first, or second, or third Term after it was entered up, or at that in which it was actually made; and if it had been refused in the *135 first Term, notice must have been given within that Term j and so of the second and third. But I have wasted words on this point, which is perhaps not made plainer by an attempt to explain ■ it. It is very plain in itself.
The motion before us is, to set aside this judgment for irregularity, on the ground that it exceeds the damages laid in the writ. The judgment accords with the verdict. This judgment would clearly be set aside on writ of error, and it must be set aside on this motion. The verdict is one on which no judgment can be entered'up, and therefore the ordinary course would be, to direct a venire facias denovo. But after the judgment is set aside, the plaintiff will be able to enter a remittitur, and then enter up his judgment. It would be in the power of the Court to take the verdict as it stands, and order a venire de novo, and thus prevent the party from doing so. But it thinks the precedent would not be a good one. It would seem that it will do enough, if its judgment have the effect of removing the error of which the defendant complains. Besides, judgments ought rather to be sustained than defeated. But there is one circumstance in this case, which throws so strong a doubt on the justice of the verdict, that the Court will impose terms. The plaintiff, in his affidavit, to hold the defendant to bail, has only sworn to a debt of about one thousand dollars, and we cannot suffer this judgment to be sustained for more. . It is therefore order *136 ed,. that the judgment be set aside; that the plaintiff have leave to enter a remittitur for so ag verdict exceeds the sum sworn to the plaintiff, and that he have leave to enter up his judgment, mncprotunc, for the balance and costs; and that on his failure to do so, a venire facias de novo do issue.
Prioleau and K. L. Simons, for the motion.
Cogdell, contra.
The Court thinks that this motion was properly made in the Circuit Court, arid that it ought to have been sustained there.
All the Judges concurred, except Mr. Justice Colcock, who was absent, in the District Court during the argument of this case, and gave no opinion.